# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| SPENCER KNAPP and ELIZABETH YGARTUA, | |
| Plaintiffs, | Civil Action No. 3:21-cv-05035 |
| v. | Removed from the 29th Judicial Circuit Court, Jasper County, Missouri |
| FAG BEARING CORPORATION et al., | |
| Defendants. | |

## DEFENDANTS SCHAEFFLER GROUP USA INC. AND FAG BEARINGS LLC'S NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Schaeffler Group USA Inc. ("Schaeffler") and FAG Bearings, LLC ("FAG Bearings") hereby remove this action originally filed in the 29th Judicial Circuit Court of Jasper County, Missouri, to the United States District Court for the Western District of Missouri, Southwestern Division. In support of removal, Schaeffler and FAG Bearings provide the required "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

## BACKGROUND AND PARTIES

1.  On or about February 5, 2021, Plaintiffs Spencer Knapp and Elizabeth Ygartua ("Plaintiffs") filed their Petition in the 29th Judicial Circuit Court of Jasper County, Missouri, with Case No. 21AO-CC00037 ("State Court Action"). In accordance with 28 U.S.C. § 1446(a), the Petition and all other process, pleadings, or orders are attached as **Exhibit A**.

2.  Plaintiffs name five defendants in their Petition: (1) FAG Bearings Corporation; (2) FAG Bearings, LLC; (3) Schaeffler Group USA Inc.; (4) Burns & McDonnell Waste

1

Consultants, Inc.; and (5) Burns & McDonnell Engineering Company, Inc. Ex. A Pet. ¶¶ 2–4, 13–14.

3. Plaintiffs plead that FAG Bearings Corporation converted into FAG Bearings, LLC in 2005. Ex. A Pet. ¶¶ 2, 6. That is correct. As further explained in the Declaration of Tim Zygmont, attached as **Exhibit B**, FAG Bearings Corporation no longer exists as an entity. *See* Ex. B Zygmont Decl. ¶ 4. Schaeffler and FAG Bearings accordingly will treat all references to FAG Bearings Corporation as references to FAG Bearings, LLC.

4. Plaintiffs plead that Burns & McDonnell Waste Consultants, Inc. merged with Burns & McDonnell Engineering Company, Inc. in 1999, and that Burns & McDonnell Waste Consultants no longer exists. Ex. A Pet. ¶ 14. Schaeffler and FAG Bearings accordingly will treat all references to Burns & McDonnell Waste Consultants, Inc. as references to Burns & McDonnell Engineering Company, Inc., and will refer to the latter simply as "Burns & McDonnell."

5. Plaintiffs' claims arise out of FAG Bearings' alleged use and disposal of trichloroethylene ("TCE") in and around its Joplin, Missouri manufacturing site from the 1970s to early 1980s. Ex. A Pet. ¶¶ 22–28. They assert various theories against FAG Bearings directly, Schaeffler as the corporate parent of FAG Bearings, and Burns & McDonnell as the professional environmental consultant to FAG Bearings. *See* Ex. A Pet. ¶¶ 8–11, 16, 49–80.

6. Plaintiff Spencer Knapp alleges that he was exposed to TCE released by FAG Bearings from his conception in 1985 until approximately September 1995. Ex. A Pet. ¶¶ 44, 46. He seeks damages based on his alleged exposure. Ex. A Pet. ¶¶ 56–59, 64–67. Plaintiff Elizabeth Ygartua, Knapp's wife, alleges no exposure to TCE, and seeks damages for loss of consortium. Ex. A Pet. ¶¶ 79–80.

## JURISDICTION PURSUANT TO 28 U.S.C. § 1332

7. This Court has original jurisdiction over this action because it is between "citizens of different States" and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

### A. There Is Complete Diversity Among Plaintiffs, Schaeffler, and FAG Bearings.

8. Plaintiffs plead that they are "currently residing" in Texas. Ex. A Pet. ¶ 1. Indeed, Plaintiffs not only reside in Texas, but were married in Texas in October 2016, purchased a home in Flower Mound, Texas, in 2017, and have worked—and, on information and belief, lived—in Texas since at least that time. *See* **Exhibit C**. Plaintiffs accordingly are citizens of Texas for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1); *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084–87 (8th Cir. 2017) (diversity present because evidence established plaintiff was domiciled in Florida and defendant was a Missouri corporation); *Crabtree v. Tatum*, No. 5:16-CV-000205-KGB, 2016 WL 10935364, at *3–4 (E.D. Ark. Dec. 1, 2016) (diversity present because plaintiff was citizen of Arkansas and evidence established defendant was citizen of Mississippi).

9. Schaeffler is a Delaware corporation with its principal place of business in South Carolina; therefore, Schaeffler is a citizen of Delaware and South Carolina for purposes of diversity jurisdiction. *See* Ex. A Pet. ¶ 4; Ex. B Zygmont Decl. ¶ 2; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

10. FAG Bearings is a Delaware limited liability company whose sole member is Schaeffler; therefore, FAG Bearings is a citizen of Delaware and South Carolina for purposes of diversity jurisdiction. *See* Ex. A Pet. ¶ 3; Ex. B Zygmont Decl. ¶ 3; *Riggs v. CaseStack*, LLC, No.

5:20-CV-5135, 2020 WL 5568545, *1 (W.D. Ark. Sept. 17, 2020) ("[F]or the purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of each of the members of the LLC, not by the LLC's place of incorporation or its primary place of business.").[1]

11. Because Plaintiffs are citizens of Texas and Schaeffler and FAG Bearings are citizens of Delaware and South Carolina, there is complete diversity among Plaintiffs, Schaeffler and FAG Bearings. *See* 28 U.S.C. § 1332(a)(1).

### B. Burns & McDonnell Was Fraudulently Joined.

12. Burns & McDonnell is a Missouri corporation with its principal place of business in Kansas City, Missouri; therefore, Burns & McDonnell is a citizen of Missouri for purposes of diversity jurisdiction. *See* Ex. A Pet. ¶ 13; Ex. D. Dopheide Decl. ¶ 2; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

13. If Burns & McDonnell were properly joined to this action, its Missouri citizenship would prevent removal. *See* 28 U.S.C. 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

---

[1] As noted *supra* 2, Defendant FAG Bearings Corporation no longer exists as an entity. Schaeffler has at times continued to use FAG Bearings Corporation-related tradenames, Ex. A Pet. ¶ 6, but the entity itself "cease[d] to exist as a corporation" upon its conversion to FAG Bearings, LLC. Del. Code tit. 8, § 266(c) (2004). It thus has "no actual interest in the outcome of this litigation," and is "nominal party" which the Court "must disregard . . . for purposes of establishing diversity jurisdiction." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 359 (3d Cir. 2013) (applying rule to Pennsylvania corporation that converted to Delaware LLC); *see also Midwestern Indem. Co. v. Brooks*, 779 F.3d 540, 544 (8th Cir. 2015) ("presence of nominal or formal or unnecessary parties has no controlling significance for removal purposes").

14. Burns & McDonnell, however, has not been properly joined. A plaintiff "cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). A defendant has no real connection to the controversy and thus has been fraudulently joined when "the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Id.* at 980 (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). Simply put, if it is "'*clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.'" *Id.* (quoting *Filla*, 336 F.3d at 810).

15. In this case, it is clear under governing Missouri law that Plaintiffs' Petition states no cause of action against Burns & McDonnell. Missouri law requires a showing of causation before a defendant can be liable to a plaintiff in negligence. *See Tharp v. St. Luke's Surgicenter-Lee's Summit, LLC*, 587 S.W.3d 647, 657 (Mo. banc 2019) ("In all negligence cases, Missouri courts require the plaintiff to prove the defendant's acts were both the actual and proximate cause of the plaintiff's damage").

16. Plaintiffs affirmatively plead facts showing that Burns & McDonnell could not have caused Plaintiffs' injuries—as a matter of negligence or under any other theory. The Petition states that Plaintiff Spencer Knapp's exposure to TCE ended in "approximately September 1995." Ex. A Pet. ¶ 44; *see also* Ex. A Pet. ¶ 19 (Knapp was exposed until "approximately 1995"). **Burns & McDonnell, however, did not contract to perform any work for FAG Bearings until 1996.**

17. The chronology of Burns & McDonnell's involvement has been well-documented. Indeed, Plaintiffs' Petition incorporates by reference and heavily relies on a 1998 decision from

5

this Court: *FAG Bearings Corp. v. Gulf States Paper Co.*, No. 95–5081, 1998 WL 919115 (W.D. Mo. Sept. 30, 1998). *See* Ex. A Pet. ¶¶ 29, 41. In that decision, the Court extensively outlined the services Burns & McDonnell performed for FAG Bearings in connection with the use and disposal of TCE in and around FAG Bearings' manufacturing site, and made plain that Burns & McDonnell did not do any such work before 1996. *See* 1998 WL 919115, at *9–10. The opinion, moreover, explains that Burns & McDonnell first performed work for FAG Bearings only after Randy Overton was hired by Burns & McDonnell and brought his FAG Bearings business with him. *See id.* at *9. But as set forth in the Declaration of Andrew Dopheide, attached as **Exhibit D**, Mr. Overton did not even become an employee of Burns & McDonnell until January, 29, 1996. *See* Ex. D Dopheide Decl. ¶ 4.

18. More still, even after hiring Mr. Overton, Burns & McDonnell still did not perform any work for FAG Bearings until months later. Burns & McDonnell first contracted to perform work for FAG Bearings only in March 22, 1996. *See* Ex. D Dopheide Decl. ¶ 5. At the earliest, therefore, Burns & McDonnell's work for FAG Bearings did not start until five months after Plaintiff Spencer Knapp's TCE exposure ended.

19. Because Burns & McDonnell had absolutely no involvement with FAG Bearings and the alleged TCE contamination in and around FAG Bearings' manufacturing site until *after* Plaintiff Spencer Knapp's exposure ended, Burns & McDonnell cannot possibly be liable for that exposure, or for Plaintiff Elizabeth Ygartua's derivative loss-of-consortium. Burns & McDonnell, in short, could not have caused Plaintiffs' injuries.

20. Plaintiffs' allegations against Burns & McDonnell therefore have "no reasonable basis in fact or law," and Burns & McDonnell has been fraudulently joined. *Knudson*, 634 F.3d

at 980. The Court should therefore ignore Burns & McDonnell for purposes of diversity jurisdiction. *See Filla*, 336 F.3d at 810.

        **C.**        **The Amount In Controversy Exceeds $75,000.**

    21.    The amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Where, as here, a plaintiff does not specify the amount of recovery he seeks, "the notice of removal may assert the amount in controversy." *Id.* § 1446(c)(2)(A). Indeed, a defendant may remove the case on diversity grounds by showing by a preponderance of the evidence that the minimum sum necessary to confer federal diversity jurisdiction is at issue. *See Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020).

    22.    In some cases, such as this one, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum." *Id.* In determining whether the threshold has been met, the question is not "whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude they are." *James Neff Kramper Fam. Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (emphasis in original).

    23.    Here, a fact finder might legally conclude that the damages exceed $75,000. Plaintiff Spencer Knapp alleges that he has contracted Multiple Sclerosis as a result of his exposure to TCE. Ex. A Pet. ¶ 46. He seeks damages associated with medical care, future lost wages, and future lost pleasure. Ex. A Pet. ¶¶ 57–58, 65–66.

    24.    Courts have recognized that such allegations of significant continuing illnesses or injuries will be sufficient to satisfy the amount-in-controversy requirement. *See Fainer v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV1536 AGF, 2009 WL 911724, at *3 (E.D. Mo. Apr. 1, 2009) (denying motion to remand where plaintiff alleged severe pain, progressive injuries, severe impairment, and past and future medical treatment).

25. In addition, although improperly included his Petition, *see* Mo. Rev. Stat. § 510.261(5), Plaintiff Spencer Knapp also claims punitive damages. Ex. A Pet. ¶¶ 75–77. This claim is further evidence that the amount-in-controversy has been satisfied. *See Gonzalez-Lopez v. Fahle*, No. 4:05-CV-827 CEJ, 2005 WL 2708832, at *5 (E.D. Mo. Oct. 21, 2005) ("'[W]hen punitive damages are available, it is more likely that the amount in controversy will exceed the jurisdictional minimum.'") (quoting *Bently v. Wellman, Inc.*, 2003 WL 21409819 (W.D. Wisc. Apr. 16, 2003)).

26. Given the various categories of damages claimed by Plaintiff Spencer Knapp, it is facially apparent that Plaintiff is claiming damages in excess of $75,000. At the very least, it does not appear to a legal certainty that Plaintiff's damages claims are $75,000 or less.

27. Because there is complete diversity between Plaintiffs, Schaeffler, and FAG Bearings, and the amount in controversy exceeds $75,000, this Court has original jurisdiction over this action, and the matter is properly removed under 28 U.S.C. §§ 1332 and 1441.

## REMOVAL TO THIS COURT IS TIMELY AND PROPER

28. As of this filing, Schaeffler and FAG Bearings have not been served with the Summons and Petition in the State Court Action. As a result, the 30 day time period to remove has not yet begun to run. Their removal of this action is therefore timely. *See* 28 U.S.C. § 1446(b); *Marano Enters. of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753, 756 (8th Cir. 2001) (the 30-day removal clock begins "'only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend'") (quoting *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)); *see also Dominick v. Midwestern Indem. Co.*, No. 3:14–cv–05103–MDH, 2014 WL 12601512, *3 (W.D. Mo. Oct. 2, 2014) (removal timely when defendant had not yet been served with the Petition and Summons); *Taylor v. Cottrell,*

8

*Inc.*, No. 4:09CV536, 2009 WL 1657427, at *2 (E.D. Mo. 2009) ("[A]s courts have recognized, nothing in 28 U.S.C. § 1441 or any other statute requires defendants to have been served themselves prior to removing a case to federal court").

29. Schaeffler and FAG Bearings both join in and consent to the removal of the State Court Action to this Court, as required by 28 U.S.C. § 1446(b)(2)(A). Because Burns & McDonnell was fraudulently joined, its consent to Schaeffler's and FAG Bearings' removal is not required. *See Santoyo v. Bear Lake Holdings, Inc.*, No. 10-CV-04050-NKL, 2010 WL 2522745, at *4 (W.D. Mo. June 15, 2010). Nevertheless, Burns & McDonnell also consents to removal.

30. This Notice of Removal is properly filed in this District and Division because the 29th Judicial Circuit Court of Jasper County, Missouri, where Plaintiffs brought the State Court Action, is located within the Southwestern Division of the Western District of Missouri. *See* 28 U.S.C. §§ 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."); 28 U.S.C. 1446(a); L.R. 3.2(a)(3)(B) (stating that Jasper County is within the Southwestern Division).

31. In accordance with 28 U.S.C. § 1446(d), Schaeffler and FAG Bearings will promptly provide written notice of removal of the State Court Action to Plaintiffs and will promptly file a copy of this Notice of Removal with the Clerk of Court for the 29th Judicial Circuit Court of Jasper County, Missouri. A copy of the notice to be filed in the State Court Action is attached as **Exhibit E**.

32. Schaeffler's and FAG Bearings' Local Rule 7.1 Certificate of Interest will be filed concurrently with this Notice of Removal.

## NON-WAIVER OF DEFENSES

33. By submitting this Notice of Removal, Schaeffler and FAG Bearings do not waive any objections to defects in service, jurisdiction, venue, or any other defenses, including lack of personal jurisdiction.

34. By submitting this Notice of Removal, Schaeffler and FAG Bearings do not admit any of the allegations in the Petition.

## CONCLUSION

WHEREFORE, Schaeffler and FAG Bearings respectfully request that this case proceed in this Court as an action properly removed from the 29th Judicial Circuit Court of Jasper County, Missouri.

Dated: April 14, 2021                               Respectfully submitted,

/s/ Randy R. Cowherd
Randy R. Cowherd
Haden, Cowherd & Bullock, LLC
2135 E. Sunshine St., Suite 203
Springfield, MO 65804
Telephone: (417) 883-5535
Email: rcowherd@hcblawfirm.com

Richard D. Salgado
Molly J. Russell
JONES DAY
2727 North Harwood Street Suite 600
Dallas, TX 75201
Telephone: (214) 220-3939
E-mail: rsalgado@jonesday.com
E-mail: mrussell@jonesday.com
*(pro hac vice forthcoming)*

Jeffrey J. Jones
Kurt A. Johnson
JONES DAY
150 West Jefferson Avenue, Suite 2100
Detroit, Michigan 48226
Telephone: (313) 733-3939
Email: jjjones@jonesday.com
Email: kajohnson@jonesday.com
*(pro hac vice forthcoming)*

Jacqueline M. Pasek
Jessica M. Sarkis
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939
Email: jmpasek@jonesday.com
Email: jsarkis@jonesday.com
*(pro hac vice forthcoming)*

*Attorneys for Defendants*
Schaeffler Group USA Inc.
FAG Bearings, LLC

11

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send electronic notice to all counsel of record. I hereby certify that all counsel of record have been served electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Randy R. Cowherd*
Randy R. Cowherd
