IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWEST DIVISION

| | |
|---|---|
| SPENCER KNAPP and ELIZABETH YGARTUA, <br><br> Plaintiffs, <br><br> v. <br><br> SCHAEFFLER GROUP USA INC., FAG BEARINGS, LLC, and BURNS & MCDONNELL ENGINEERING COMPANY, INC., <br><br> Defendants. | Case No. 3:21-cv-05035-MDH |

## ORDER

Before the Court is Plaintiffs' Motion to Remand. (Doc. 26). For the reasons set forth herein, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs move this Court to remand this action based on named Defendant Burns & McDonnell Engineering Company, Inc.'s (hereinafter "Burns & McDonnell") Missouri residency. While Plaintiffs assert that they have filed a valid claim against Burns & McDonnell, Defendants Schaeffler Group USA Inc. ("Schaeffler") and FAG Bearings, LLC (hereinafter "FAG Bearings") argue that Burns & McDonnell was fraudulently joined.

Plaintiffs allege that FAG Bearings used TCE at its ball bearing manufacturing facility in Joplin, Missouri from 1975 to 1981, and that FAG Bearings released trichloroethylene ("TCE") in or around its facility during that time. Plaintiffs further allege that Knapp was exposed to TCE from his conception in 1985 until September 1995, and that he developed multiple sclerosis ("MS") as a result. Plaintiffs nowhere allege that Ygartua was exposed to TCE.

1

As relevant here, Plaintiffs also allege that Burns & McDonnell performed "environmental surveys" and related work at the FAG Bearings manufacturing site. Plaintiffs further allege that Burns & McDonnell failed to perform that work with "ordinary care," and that this failure led to Knapp's alleged injuries.

Defendants argue that their following timeline of events is dispositive on the issue of Burns & McDonnell's liability and unrefuted by Plaintiffs:

- Plaintiff Spencer Knapp's exposure to TCE in and around FAG Bearings' Joplin, Missouri manufacturing site—the basis for all claims in this action—ended in approximately September 1995.

- Randy Overton, the employee who brought the FAG Bearings relationship to Burns & McDonnell, did not apply to work at Burns & McDonnell until January 2, 1996, and did not start at Burns & McDonnell until January 29, 1996.

- Burns & McDonnell performed no work for FAG Bearings until sometime after March 22, 1996.

Defendants accordingly argue that any actions taken by Burns & McDonnell at the manufacturing site occurred after Knapp left the area and could not have harmed Knapp or his wife, Plaintiff Elizabeth Ygartua, and Plaintiffs therefore cannot state a claim against Burns & McDonnell.

On April 14, 2021, Defendants Schaeffler and FAG Bearings removed this action to this Court. There is no dispute that the removal complied with all procedural requirements. There is also no dispute among the parties that the amount in controversy exceeds $75,000. Lastly, it is undisputed that Plaintiffs and all Defendants are citizens of different states. Plaintiffs argue that removal is not proper because Burns & McDonnell is a Missouri resident.

2

Case 3:21-cv-05035-MDH    Document 37    Filed 06/16/21    Page 2 of 7

## STANDARD

A civil action brought in a state court may be removed to federal court only when the federal district court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts do not have diversity jurisdiction and removal to federal court is thus not allowed if a defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2); 28 U.S.C. 1332(a)(1).

A court determines whether a defendant is fraudulently joined by deciding whether there is a "reasonable basis in fact and law" for the claim against the defendant. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 977 (8th Cir. 2011) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). In making that decision, a court "may consider the pleadings, supporting affidavits, and the motion for remand and supporting affidavits." *Ridings v. Maurice*, No. 15-00020-CV-W-JTM, 2015 WL 1474080, at *3 (W.D. Mo. Mar. 31, 2015). That is, "although [the] determination of the propriety of removal ordinarily depends only upon the plaintiff's pleadings, in the case of fraudulent joinder, the court may 'go somewhat further [and the] defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.'" *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).

## DISCUSSION

A defendant is fraudulently joined when a plaintiff's claim against that defendant has "no reasonable basis in fact and law." *Knudson*, 634 F.3d at 977 (quoting *Filla*, 336 F.3d at 810). A claim has "no reasonable basis in fact and law" when it is "clear under governing state law that the complaint does not state a cause of action against" the diversity destroying defendant. *Filla*, 336 F.3d at 810 (quoting *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977) (emphasis omitted).

3

The Missouri Supreme Court recently reaffirmed that, "[i]n all negligence cases, Missouri courts require the plaintiff to prove the defendant's acts were both the actual and proximate cause of the plaintiff's damage." *See Tharp v. St. Luke's Surgicenter-Lee's Summit, LLC*, 587 S.W.3d 647, 657 (Mo. banc 2019). This is the same for strict liability or any other tort theory—causation is required. *See Wilson ex rel. Wilson v. Simmons*, 103 S.W.3d 211, 218 (Mo. Ct. App. 2003) ("strict liability" attaches to "injuries caused"); *Rychnovsky v. Cole*, 119 S.W.3d 204, 211 (Mo. Ct. App. 2003) ("strict liability" attaches to "injuries or damages arising from abnormally dangerous activities"). Of course, all of this goes without saying: "it is fundamental in the law of torts that there must be . . . causation to impose liability." *Sanders v. Henderson*, 301 S.W.2d 748, 750 (Mo. 1957). Accordingly, the question is whether Burns & McDonnell took any action during or before September 1995 that might have caused Knapp's alleged injuries.

Defendants attached a declaration from Associate Counsel at Burns & McDonnell, Andrew Dopheide, to the removal papers. In it, it is stated that "The first contract between then-existing Defendant FAG Bearings Corporation and then-existing Defendant Burns & McDonnell Waste Consultants, Inc. was signed in March 22, 1996." Dopheide Decl. ¶ 5. "Neither Burns & McDonnell Waste Consultants, Inc. nor Burns & McDonnell Engineering Company, Inc. did work for FAG Bearings Corporation prior to that time." *Id.* Defendants argue that because Burns & McDonnell had no involvement with FAG Bearings before March 1996, Burns & McDonnell could not have caused or contributed to Knapp's alleged exposure to TCE. Plaintiffs' claim against Burns & McDonnell thus has "no reasonable basis in fact and law." *Knudson*, 634 F.3d at 977 (quoting *Filla*, 336 F.3d at 810).

District courts in Missouri have found fraudulent joinder under similar circumstances. In *Pace v. Healthlink, Inc.*, for example, the plaintiff alleged that he had been wrongfully discharged

4

by the diversity destroying defendant. No. 4:09CV709-CDP, 2009 WL 4825201, *1–2 (E.D. Mo. Dec. 11, 2009). The court found fraudulent joinder because that *See id.* at *2–3. So, too, in *Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185 (E.D. Mo. 1995). There, the court found fraudulent joinder because the plaintiff brought a premises liability action and named as a defendant a store manager who was "not in the store nor on duty as the manager at the time of the alleged accident." *Id.* at 189. Recognizing that the manager could not have caused the plaintiff's injuries, the court held that "the only reason for her presence in this lawsuit would be to destroy federal jurisdiction." *Id.*

Both this Court and the Eight Circuit have made clear that when a defendant supports removal with affidavits or other evidence, a plaintiff may not rely on the pleadings alone to support remand. In *Ridings*, the plaintiffs sued drug companies as well as the companies' sales representatives. 2015 WL 1474080, at *1. The drug companies removed the case, claiming that the sales representatives, who were citizens of Missouri, were fraudulently joined. *Id*. They submitted declarations from the sales representatives stating that the representatives had no involvement with the plaintiffs' use of the drug in question. *Id.* The Court noted that these declarations were "disputed—but not refuted—by the [plaintiffs]," and on that basis it denied the plaintiffs' motion to remand. *See id.* at *3–6. The Court explained that the plaintiffs 'could have come forward with some showing of fact…and on this record [they were] called upon to meet the removal allegations with evidence…[n]ot having done so, [they] cannot complain" about the Court's decision to deny their remand motion. *Id.* at *3 n.3 (quoting *Leonard v. St. Joseph Lead Co.*, 75 F.2d 390, 397 (8th Cir. 1935)).

Plaintiffs do not provide any evidence or even allege facts that would indicate that Burns & McDonnell could be held liable for Plaintiffs' injuries. Plaintiffs claim that Burns &

5

McDonnell's liability stems from its former employee Randall Overton. Plaintiffs cite and quote cases that acknowledge that FAG Bearings had a substantial relationship with Burns & McDonnell after Plaintiffs' alleged injuries. This Court has clearly recognized FAG Bearings', Overton's, and Burns & McDonnell's involvement at the manufacturing site. *See Fag Bearings Corp. v. Gulf States Paper Co.,* 1998 WL 919115 (W.D. Mo. 1998) (finding that the fundamental basis for the relationship between FAG Bearings, Overton, and Burns & McDonnell was to hide or divert attention away from FAG Bearings' TCE contamination of the Villages at Silver Creek.). However, Plaintiffs cite to no suggestions that Overton's actions during the time of the alleged injuries had any association with Burns & McDonnell whatsoever. Importantly, there is no indication that Overton performed duties for Burns & McDonnell at any time prior to January 1996.

Plaintiffs emptily ask this Court to assume that because Burns & McDonnell may have committed tortious acts at the manufacturing site at some time after Plaintiffs' alleged injuries that it is merely possible that it may have been involved at the site at some undisclosed time prior. Moreover, this entirely unsupported argument is in direct contradiction to the declaration provided by Defendants, which Plaintiffs have not refuted.

Therefore, the Court finds that Plaintiffs' claims against Burns & McDonnell have no reasonable basis in fact and law because Plaintiffs failed to establish that it is possible that Burns & McDonnell's actions could have caused Plaintiffs' alleged injuries. Accordingly, the Court concludes that Burns & McDonnell was fraudulently joined and removal was proper.

## CONLCUSION

For the reasons set forth above, the Court finds that Defendant Burns & McDonnell was fraudulently joined in this action and removal by Defendants was proper. Plaintiffs' Motion for Remand (Doc. 26) is therefore **DENIED**. Burns & McDonnell Engineering Company, Inc. is hereby dismissed as a party in this action.

**IT IS SO ORDERED.**

Dated: June 16, 2021  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**