IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWEST DIVISION

| | |
|---|---|
| SPENCER KNAPP and ELIZABETH YGARTUA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:21-cv-05035-MDH ) |
| FAG BEARINGS, LLC, | ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Plaintiffs' Motion to Strike Defendant FAG Bearings, LLC's ("FAG Bearings") affirmative defenses. (Doc. 43). Defendant responded to the Motion (Doc. 44), but Plaintiffs did not reply. For the reasons set forth herein, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs Knapp and Ygartua, who are husband and wife, filed their Complaint on February 5, 2021. ¶¶ 1, 79. Plaintiffs allege that FAG Bearings, LLC ("FAG Bearings") used trichloroethylene ("TCE") at its ball bearing manufacturing facility in Joplin, Missouri from 1975 to 1981, ¶¶ 22–23, and that FAG Bearings released TCE in or around its facility during that time, ¶ 26. Plaintiffs further allege that Knapp was exposed to TCE released by FAG Bearings from his conception in 1985 until September 1995, ¶¶ 28, 44, and that he developed multiple sclerosis ("MS") as a result, ¶ 46. Plaintiffs nowhere allege that Ygartua was exposed to TCE. ¶¶ 78–80. Plaintiffs claim Strict Liability (Count I), Negligence (Counts II and III), Punitive Damages (Count IV), and Loss of Consortium (Count V). ¶¶ 49–80.

On June 17, 2021, this Court granted FAG Bearings' partial motion to dismiss. On July 1, 2021, FAG Bearings answered the remaining allegations in Plaintiffs' Petition. Along with its

1

answer, FAG Bearings raised thirteen affirmative defenses: (1) Assumption of the Risk; (2) Independent Intervening Causation; (3) Comparative Fault; (4) Failure to Mitigate Damages; (5) No Direct or Proximate Causation; (6) Statute of Limitations; (7) Laches; (8) Waiver; (9) Unconstitutionality of Punitive Damages; (10) Other Limitations on Punitive Damages; (11) Collateral Source Rule; (12) Affirmatives Defenses under Other Law; and (13) Reservation of Other Affirmative Defenses. On July 22, 2021, Plaintiffs moved to strike affirmative defenses 1–5 and 8–13, omitting only the affirmative defenses of Statute of Limitations and Laches from their motion.

## STANDARD

"Motions to strike are governed by Rule 12(f)[.]" *Am. Home Assur. Co. v. Pope*, No. 02-4057-CV-C-SOW, 2005 WL 1312975, at *1 (W.D. Mo. June 1, 2005). Not only is the motion to strike itself governed by Rule 12(f), but the standards under which the Court resolves any arguments made in the motion are determined by federal law. That includes the standard for pleading an affirmative defense. The question whether a defendant has adequately pled an "affirmative defense[] [is] governed by Federal Rule of Civil Procedure 8 and federal notice pleading standards[.]" *Nyikos v. Lemnatec Corp.*, No. 4:18 CV 01804 (JMB), 2019 WL 630263, at *2 (E.D. Mo. Feb. 14, 2019); *see also Perry v. Wal-Mart Stores, E., L.P.*, No. 4:09-CV-1373-CDP, 2009 WL 3756959, at *1 (E.D. Mo. Nov. 9, 2009) ("'When a federal court hears a diversity case, although the court applies the applicable state substantive law, the Federal Rules of Civil Procedure generally govern.'") (quoting *Roberts v. Francis*, 128 F.3d 647, 650–51 (8th Cir. 1997)).

2

## DISCUSSION

First, Plaintiffs do not ground their motion in the applicable federal standards—they base their arguments on Missouri law and procedure, citing Missouri Supreme Court rules along with extensive Missouri case law. The Federal Rules make clear that they govern all procedural questions in any federal case, including those that began in state court. They expressly state: "These rules apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c). As Defendant notes, case law instructs that failure to ground a motion of this type in the applicable federal standards may be enough to deny the motion. *See Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013) (affirming dismissal of complaint where plaintiffs relied on "state pleading rules" rather than the operative "federal pleading standards"); *see also Nyikos*, 2019 WL 630263, at *2; *Perry*, 2009 WL 3756959, at *1.

In any event, Defendants' affirmative defenses comport with federal pleading standards. As this Court recently recognized in *Walsh*, "[s]triking a pleading is considered an 'extreme measure' that is 'viewed with disfavor and infrequently granted.'" 2021 WL 2371511, at *1 (quoting *Stanbury*, 221 F.3d at 1063). A "motion to strike" should be granted only when the affirmative defense is so deficient that it fails to "fairly present[] a question of law or fact which the court ought to hear" and that deficiency causes "prejudice to the moving party." *See id.* (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). In other words, in order to succeed on a Rule 12(f) motion, it must be shown that (1) "the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense" and (2) "that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Pope*, 2005 WL 1312975, at *1 (quoting 5C Charles Alan Wright et al., *Federal Practice and Procedure* § 1380 (3rd ed. 2004)). Neither element is present here.

3

The Eighth Circuit has held that a party need only make a "bare assertion" to plead an affirmative defense. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997). *See, e.g.*, *Bigfoot on the Strip, LLC v. Winchester*, No. 18-3155-CV-S-BP, 2018 WL 4904948, at *1 (W.D. Mo. Oct. 9, 2018) ("*Iqbal* and *Twombly* do not apply to affirmative defenses."); *Fed. Trade Comm'n v. BF Labs Inc.*, No. 4:14-CV-00815-BCW, 2015 WL 12806580, at *2 (W.D. Mo. Aug. 28, 2015) ("Although *Zotos* predates *Twombly* and *Iqbal*, the Court remains bound by *Zotos* because neither the Supreme Court nor the Eighth Circuit has extended the heightened pleading requirements to affirmative defenses."); *Florilli Transp., LLC v. W. Express, Inc.*, No. 14-CV-00988-DW, 2015 WL 12838149, at *1 (W.D. Mo. Feb. 20, 2015) ("[T]his Court holds that the pleading requirements articulated in *Twombly* do not apply to affirmative defenses."); *Willis v. Quad Lakes Enters., L.L.C.*, No. 4:11-CV-00096-SWH, 2011 WL 3957339, at *2 (W.D. Mo. Sept. 7, 2011) ("The more heightened pleading standard set forth in *Iqbal* and *Twombly* . . . does not apply to the pleading requirements for affirmative defenses."). Applying the "bare assertion" standard to Defendant's affirmative defenses, there is no merit to Plaintiffs' motion to strike and Plaintiffs make no argument for striking any defenses under that standard.

Plaintiffs additionally attack Defendant's third and ninth affirmative defenses more specifically. Plaintiffs argue that the third affirmative defense, comparative fault, should be stricken because "comparing fault with non-parties is strictly prohibited under Missouri law." While Missouri law provides rules regarding apportioning fault at trial, nothing in Missouri substantive law precludes Defendant from asserting comparative fault as an affirmative defense at this juncture. *See Nyikos*, 2019 WL 630263, at *1 (citation omitted) ("A motion to strike an affirmative defense should not be granted unless, as a matter of law, the defense cannot succeed under any circumstances . . ."). The Missouri Supreme Court has held that a defendant may argue

4

the comparative fault of non-parties regardless of whether the jury may or may not be limited to apportioning fault only among those who are parties at trial. *See Oldaker v. Peters*, 817 S.W.2d 245, 252–53 (Mo. banc 1991); *see also Mengwasser v. Anthony Kempker Trucking, Inc.*, 312 S.W.3d 368, 374–75 (Mo. Ct. App. 2010). In this case, therefore, Defendant is free to counter Plaintiffs' claims by alleging that third parties bear the fault for some or all of Plaintiffs' alleged injuries.

Plaintiffs ask the Court to strike Defendant's ninth affirmative defense, because the defense asserts than an award of punitive damages against Defendant would be unconstitutional. An affirmative defense is proper so long as it "fairly presents a question of law or fact which the court ought to hear." *Lunsford*, 570 F.2d at 229 (citation omitted). Courts have routinely held that constitutional defenses to punitive damages claims satisfy that modest standard. *See Anderson v. Hansen*, No. 4:20-CV-00991-JAR, 2021 WL 1946366, at *5 (E.D. Mo. May 13, 2021) ("Other courts within the Eastern District have allowed parties to plead defenses related to punitive damages as affirmative defenses."); *Drummer v. Corizon, LLC*, No. 4:16-CV-01170-AGF, 2018 WL 2193448, at *2 (E.D. Mo. May 14, 2018) ("[I]t cannot be said that the . . . Defendants' defenses could not succeed as a matter of law or that they are wholly immaterial."); *Schmidt v. Hosley Int'l, Inc.*, No. 4:15-CV-614-CEJ, 2015 WL 4134338, at *3 (E.D. Mo. July 8, 2015) (citation omitted) (declining to strike affirmative defense related to constitutionality of punitive damages because it would be "premature" to decide the viability of the defense).

Lastly, Plaintiffs have not shown or even alleged prejudice. "Even when striking a defense is technically proper, courts are reluctant to do so in the absence of prejudice to the moving party." *Walsh*, 2021 WL 2371511, at *1 (citation omitted); *Drummer*, 2018 WL 2193448, at *2 (denying

5

motion to strike because the plaintiff had "not shown that the inclusion of the[] affirmative defenses . . . prejudices [the plaintiff] in any way").

## CONLCUSION

For the foregoing reasons, Plaintiffs' Motion to Strike Defendant's Affirmative Defenses (Doc. 43) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 24, 2021                             /s/ Douglas Harpool
                                                   **DOUGLAS HARPOOL**
                                                   **United States District Judge**